■ HARRY A. REOUX, Respondent, v. FIRST NATIONAL BANK OF GLENS FALLS, as Executor of ADELIA H. REOUX, Deceased, Appellant.— *Per Curiam.*

Defendant executor appeals from a judgment of the Supreme Court after a trial before the court without a jury. In 1954 respondent sued his mother to compel her to complete the transfers to him of certain stock certificates which he had removed from a safe-deposit box with her permission. The gravamen of his complaint was that the transfers in question stemmed from an oral agreement between him and his parents made in 1924 whereby he would receive one half of their estates in consideration of his returning to Warrensburg after graduation from law school for the purpose of looking after their substantial business interests. Defendant mother counterclaimed for a judgment directing the return to her of other securities of the value of about $40,000 which had been reregistered in her son's name following their alleged gift to him on the 18th and 19th days of September, 1953. After a trial of the issues the late Mr. Justice HEFFERNAN, acting as Official Referee, reported in favor of plaintiff. The Supreme Court confirmed his recommendation and directed defendant to execute the indorsements and assignments which he sought to compel. Upon appeal we reversed, dismissed the complaint and granted judgment on the counterclaim (3 A D 2d 560). In effect we held that Reoux, acting in the confidential capacities of attorney and son, had overreached his mother in respect to the securities involved in both the claim and the counterclaim. We also said that plaintiff had not proved the agreement which we did not regard as the real issue and that in any case defendant by the terms of a will dated July 21, 1953 wherein she divided her residual estate between the plaintiff and his sister had substantially complied with any alleged agreement. Mrs. Reoux died in 1958. A will dated November 9, 1953 in which she gave the residue of her property to a daughter and her children was admitted to probate following a trial of the objections interposed by plaintiff. This will was drawn by an attorney who had not previously represented her and who at the same time and at her direction had drafted a letter which read: "November 9, 1953. The First National Bank of Glens Falls, Glens Falls, New York. Gentlemen: By my will of this date, I have made no provision for my son, Harry Reoux. My reason for this action is that I have made transfers of securities to him in my lifetime which, with his other assets, should adequately provide for him and his family. I have reached this conclusion without suggestion from anyone and as a result of considerable thought on my part. Very truly yours, Adelia H. Reoux." He also testified at the trial of the will contest: "Furthermore, she [testatrix] stated that she did not want to make any provision for her son Harry; that she had made various transfers of securities, investments and assets to him and she felt he was well provided for. * * * She told me that, again, she didn't want to leave anything to Harry, and expressed the same reasons that she had before, namely, that he was well provided for, and that she had made previous gifts to him, I gather in substantial amounts." The proof in the probate proceeding further disclosed that in August, 1954 defendant wrote her son in reply to his letter concerning the stock certificates which were the basis of the complaint as follows: "August 2, 1954 Dear Harry: I have received your registered letter demanding that I turn over all of my stocks to you. You told me last winter that the paper you had me sign was for the Imperial & other stocks that I gave you last fall. I never intended giving you any more of my stock than you already had & I am not going to give you any more. Mother." Upon a showing of these facts we granted plaintiff's motion for a new trial of the counterclaim in the interest of justice (16 A D 2d 543). Trial Term has determined that the transfer of the securities by decedent to plaintiff in September, 1953 was intended to be a gift and that such was freely and voluntarily made. His

942

decision is grounded principally on the probative force of the letter of November 9, 1953 corroborated by the subsequent letter of August 2, 1954 and the circumstances in which both were written. Appellant contends that plaintiff's testimony on which defendant initially prevailed in this court requires the same conclusion now. This view overlooks the evidence newly discovered after the first trial consisting of the November 9 will, the testimony of its draftsman, the letter of the same date, the subsequent one dated August 2, 1954 and the evidence of deceased's testamentary capacity, all adduced for the first time at the trial of the will contest which, of course, postdated our prior decision. We think that the trier of the fact could find that this additional proof was sufficient to tip the scale in plaintiff's favor and on the record as now constituted that he had sustained the burden of proof cast upon him by reason of the confidential relationship which existed between him and his mother. Judgment affirmed, with costs. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur. [40 Misc 2d 442.]